Filed 6/23/22  P. v. Mendes CA3
Opinion following rehearing

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ADAM ROSS MENDES,<br><br>Defendant and Appellant. | C093550<br><br>(Super. Ct. Nos. 18CF03572,<br>20CF00924, 20CF05871) |

Appointed counsel for defendant Adam Ross Mendes asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We reviewed the entire record and affirmed the judgment. (*People v. Mendes* (C093550, Jan. 28, 2022) [nonpub. opn.].)

After we issued our opinion, defendant filed a petition for rehearing, asking this court to reconsider the appeal in light of newly enacted Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731).  We exercised our discretion to grant rehearing, vacated our earlier opinion, and obtained further briefing from the parties.  We will remand the matter to permit the trial court to reconsider the sentence based on the retroactive change in the law.

1

I

Defendant shoplifted from a store, punched one of the store employees in the jaw, and took the victim's employee badge. In case No. 18CF03572 (572), defendant pleaded guilty to one count of robbery (Pen. Code, § 211).[1] Subsequently, defendant failed to appear for sentencing while out on bail. In case No. 20CF00924 (924), defendant pleaded guilty to one count of felony failure to appear (§ 1320.5).

On November 19, 2020, while in custody, defendant consumed jail-manufactured alcohol and was placed in a sobering cell, where he subsequently blocked a deputy from leaving and hit a second deputy in the face. Pending sentencing in case Nos. 572 and 924, defendant was charged in case No. 20CF05871 (871) with resisting an executive officer, a felony (§ 69, subd. (a)). The robbery conviction in 572 was alleged as a prior strike conviction under sections 667, subdivision (d), and 1170.12, subdivision (b). Defendant pleaded no contest to violating section 69, and the prior strike allegation was dismissed in light of the plea.

Prior to the sentencing hearing in case No. 572 and the plea in case No. 924, defendant mailed to the trial court a request for mental health diversion and waiver of rights. The trial court ordered the clerk to provide a copy of the communication to trial counsel, who did not request or assert diversion in any subsequent proceedings. Later, the trial court received a letter from defendant asking to withdraw his plea in case No. 572. He claimed he had new information as to what constituted the charged crimes, information of which his counsel had not advised him. Again, the trial court ordered that a copy of defendant's letter be sent to trial counsel, and the issue was not asserted in subsequent proceedings.

In a consolidated sentencing hearing, the trial court imposed an aggregate prison term of seven years as follows: five years (the upper term) for robbery in case No. 572;

---

[1] Undesignated statutory references are to the Penal Code.

eight months (one-third the midterm) for resisting an executive officer in case No. 871; eight months (one-third the midterm) for failure to appear in case No. 924; and eight months (one-third the midterm) for resisting an executive officer in a fourth Lassen County case consolidated with these cases for sentencing. In imposing the upper term for the robbery conviction in case No. 572, the trial court found one mitigating factor and several aggravating factors: "In aggravation, the defendant engaged in violent conduct that indicates a serious danger to society. Also, the defendant's prior convictions are numerous and of increasingly serious nature. The defendant has several prior prison terms, and his prior performance on probation, parole, and post-release supervision was unsatisfactory. [¶] In mitigation, the defendant may have been suffering from a mental or physical condition that reduces his culpability for the crimes."

The trial court awarded defendant 399 days of presentence credit (347 actual and 52 conduct) in case No. 572 and ordered defendant to pay various fines and fees.

Defendant requested but did not obtain a certificate of probable cause. Appellate counsel filed in this court a motion to expand the scope of her appointment to include assisting defendant in the preparation and filing of a petition for a writ of mandate to the Butte County Superior Court, which was denied.

Defendant's appellate counsel filed a *Wende* brief and, after we issued our opinion, a petition for rehearing. We granted the petition, vacated our opinion, and ordered supplemental briefing on the applicability of Senate Bill No. 567.

## II

Defendant contends Senate Bill No. 567 applies to his case and that the matter must be remanded for resentencing. The Attorney General agrees the new legislation applies retroactively to defendant's case but contends remand is unnecessary because the trial court relied on defendant's prior criminal history and considered circumstances in mitigation when imposing the upper term.

## A

3

Effective January 1, 2022, pursuant to Senate Bill No. 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation of the crime that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subds. (b)(1), (b)(2), (b)(3); Stats. 2021, ch. 731, Legis. Counsel's Digest.)

Under *In re Estrada* (1965) 63 Cal.2d 740, " ' "[a]n amendatory statute lessening punishment is presumed to apply in all cases not yet reduced to final judgment as of the amendatory statute's effective date" [citation], unless the enacting body "clearly signals its intent to make the amendment prospective, by the inclusion of either an express saving clause or its equivalent." ' " (*People v. Lara* (2019) 6 Cal.5th 1128, 1134.) A judgment of conviction is not final for the purpose of determining the retroactive application of a statutory amendment until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed. (*People v. Vieira* (2005) 35 Cal.4th 264, 305-306; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039.) Nothing in Senate Bill No. 567 suggests a legislative intent that its amendments apply prospectively only, and the parties correctly agree that defendant is entitled to the benefits of the legislative enactments in Senate Bill No. 567. (Stats. 2021, ch. 731, §§ 1-3; *Flores,* at p. 1039.)

We agree with the parties that Senate Bill No. 567 applies retroactively to defendant's case.

B

4

The trial court sentenced defendant to the upper term of five years for robbery in case No. 572.  (See § 211.)  The record does not establish that defendant stipulated to any factor in aggravation supporting the upper term sentence, or that any aggravating factor was found true beyond a reasonable doubt by a jury or by the court in a court trial.  (See § 1170, subd. (b)(2), added by Stats. 2021, ch. 731, § 1.3.)

Nevertheless, the Attorney General argues remand is unnecessary because all of the aggravating factors were established by the probation report, and in the alternative, any error was harmless.

Although at least one court has applied a harmless error analysis to a challenge under Senate Bill No. 567 (*People v. Flores* (2022) 75 Cal.App.5th 495, 500-501), and the record in this case may support a finding of at least one aggravating factor, because the trial court did not have the opportunity to consider the amendments to section 1170, we believe it is prudent to remand the matter to permit the trial court to reconsider the upper term sentence based on the retroactive change in the law.

DISPOSITION

The sentence is vacated, and the matter is remanded to the trial court for resentencing consistent with section 1170.  In all other respects, the judgment is affirmed.


                                                   /S/
                                              MAURO, Acting P. J.


We concur:


     /S/
DUARTE, J.

_____/S/_____

HOCH, J.